STATE of Missouri,
Plaintiff-Respondent,

v.

Billie Wayne POE,
Defendant-Appellant.

No. 14076.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 10, 1986.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Oct. 14, 1986.

William J. Fleischaker, Pros. Atty., Ronald E. Mitchell, Joseph W. Rigler, Asst. Pros. Attys., Joplin, for plaintiff-respondent.

David Robards, Joplin, for defendant-appellant.

EUGENE E. REEVES, Special Judge.

Defendant Billie Wayne Poe was convicted of assault in the third degree. A jury assessed his punishment at sixty days in jail. The defendant appeals citing as plain error the prosecutor's reference to defendant's failure to testify.

Although sufficiency of the evidence is not challenged, a brief statement of the facts is appropriate. On June 15, 1984, Bill Maggard was incarcerated in the Jasper County jail. On the morning of that date somebody hit him and beat him up. The only thing he remembered was that something hot hit him in the face. He woke up in the hospital with a broken nose, bruised ribs and injuries to his face. He did not remember being struck.

The state offered evidence that the defendant admitted before a grand jury on July 11, 1984, that he had thrown coffee in Maggard's face and had hit him fifteen or twenty times in the face and had kicked Maggard in the ribs, groin and stomach. Defendant asserted the affirmative defense of duress claiming that guards at the jail placed him in fear of his personal safety if he did not beat up Maggard.

The state in its brief correctly points out that defendant should not have appealed from an order overruling a motion for new trial. Rules 29.11(c) and 30.01(a)(1984). Nevertheless, the court will treat this as a good faith effort to appeal from the judgment and will review the claimed error ex gratia.

A brief statement of the context in which the alleged error arose is essential to the decision in this case. During the trial defendant chose to participate as his own co-counsel. Although he participated as

co-counsel throughout the entire trial, he did not choose to testify in his own behalf. In closing argument, defendant's counsel made part of the argument and defendant concluded the argument. At the end of trial counsel's part of the argument, he concluded by saying, "I will have Mr. Poe talk more on this story because he is really the only one that knows and you haven't been in jail and I haven't been in jail and he can tell you what his alternatives were in this situation." Then the defendant proceeded to make the following argument:

"You will all have to excuse me. I have never done this before. I will admit to you people that Bill Maggard—I just—I went to other officers trying to get this stuff stopped and I couldn't get it done, no one to turn to. I did everything in my power to stop him and never—and I convicted myself, more or less in order to get this stopped and since that time even cut down on it and a lot and I had no choice as big as that man was, I was scared of him and I told you the truth. I was more scared what happened to me if I didn't do it but I went in there and I felt it didn't make it near as bad as he was, and you heard the testimony. It couldn't have taken over thirty seconds at the most, in and out. And I in order for it, that he did it, I reported it to the assistants. I reported it to other guards."

At this point in defendant's narrative, prosecuting attorney objected stating:

"Your honor, excuse me a second. What I think he is doing is testifying. If that is the case, of course, I will like to cross-examine him, but I object to him making an argument about facts that are not in evidence and he of course is entitled to argue any of the facts, the inference what his feelings were, what he claims to have done, I don't believe is appropriate at this time without allowing me of course to cross-examine him. I object to his statements clearly are not in evidence. He didn't testify."

The court sustained the prosecutor's objection. Neither the defendant nor defend-ant's counsel complained about the prosecutor's objection or moved for mistrial. Thereafter, during the state's reply argument, prosecuting attorney made the following statement:

... what Mr. Poe just said to you is not evidence. That is argument and is not like evidence you hear from the stand. There is a good reason for that. When somebody comes in here as you saw, you can examine them, you can cross-examine them. They can't come in without having it tested or anybody else question them.... About the atmosphere, there wasn't any evidence of it and there is not alot of statements that he was "encouraged." Nobody says that he had any duress....

■ The privilege against self-incrimination under the Fifth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment in *Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653, forbids comment by the prosecution on the accused's silence, because the jury may infer from the comment that such silence is evidence of guilt, thus imposing a penalty on defendant's exercise of his privilege of silence. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106. This privilege in Missouri has been implemented by statute, Section 546.270, RSMo 1978 and by Rule 27.05(a)(1984).

■ In the case before us, the defendant did not choose to remain silent. He commenced a narrative recitation of his intentions and actions during his part of the closing argument. The prosecutor's objection to defendant's narrative statements, when defendant was neither under oath nor subject to cross-examination, was valid and was sustained by the court.

We conclude, under these circumstances, that defendant's voluntary statements to the jury concerning his actions and intentions constituted a waiver of his privilege of silence. Therefore, the prosecutor's ob-

jection and comments thereafter did not violate a privilege which had already been waived.

The judgment is affirmed.

PREWITT, C.J., HOGAN, J., and FLOYD McBRIDE, C. DAVID DARNOLD, and JOHN C. HOLSTEIN, Special Judges, concur.